IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL OLEYNIKOV, | : | Civil No. 3:23-CV-528 |
| Plaintiff, | : | (Judge Mariani) |
| v. | : | (Magistrate Judge Bloom) |
| CITIBANK, N.A., | : | |
| Defendant. | : | |

MEMORANDUM ORDER

This is an action filed by the *pro se* plaintiff, Michael Oleynikov. The defendant moved to compel arbitration and stay proceedings and filed a brief in support of its motion on September 5, 2023. (Docs. 16, 17). Pursuant to Local Rule 7.6 of the Rules of this Court, Oleynikov was required to file a responsive brief by September 19, 2023—14 days after the motion was served. On October 10, 2023, the Honorable Joseph F. Saporito, Jr. ordered Oleynikov, who had not responded to the defendant's motion, to file a brief on or before October 16, 2023. (Doc. 18). The Court warned Oleynikov that it would deem the motion unopposed if Oleynikov did not respond by the new deadline. (*Id.*).

This case was then reassigned to the undersigned for pretrial management. The October 16 deadline passed without any response from Oleynikov. On October 27, 2023, this Court ordered Oleynikov to file a response to the defendant's motion by November 3, 2023. (Doc. 19). The Court warned Oleynikov that if he did not file a brief, it would deem the defendant's motion unopposed and may grant the motion. (*Id.*). Now, more than one month after the November 3, 2023, deadline passed, Oleynikov still has not filed an opposition.

However, for several reasons, the Court declines to grant the defendant's motion as unopposed. First, the Third Circuit has stated that "unless a plaintiff's failure to oppose a motion can truly be understood to reflect that the motion is unopposed—for instance, when the plaintiff is represented by counsel—we have expressed a preference for an assessment of the complaint on its merits." *Xenos v. Hawbecker*, 441 F. App'x 128, 131 (3d Cir. 2011). Here, the Court cannot infer that the motion to compel arbitration is truly unopposed because Oleynikov is proceeding *pro se*.

Second, this Court cannot rule on the defendant's motion without first allowing for limited discovery into the issue of arbitrability. In

*Guidotti v. Legal Helpers Deb Resolution*, the Third Circuit held that when "the complaint and its supporting documents are unclear regarding the agreement to arbitrate,…then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'" *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). Here, it is not clear from the face of the amended complaint that Oleynikov agreed to arbitrate his claims. The amended complaint does not rely on the arbitration agreement to state a claim or even reference the agreement. Therefore, this Court cannot rule on the defendant's motion at this juncture.[1]

---

[1] In its brief, the defendant argues that, under *Guidotti*, courts should apply a summary judgment standard where it is unclear from the pleadings whether an arbitration agreement exists. (Doc. 17 at 6). However, *Guidotti* requires courts to apply such a standard *after* the parties have conducted limited discovery into arbitrability. *Guidotti,* 716 F.3d at 776 (explaining that "[a]fter limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.").

!!

Third, even if the Court could consider documents outside the pleadings, which it cannot, it would still be unclear whether Oleynikov was informed of the arbitration provision the defendant seeks to enforce. In its brief, the defendant states that Oleynikov opened a CitiBank account on or around August 13, 1996. (Doc. 17 at 3). According to the defendant, the terms of the account, which include the arbitration clause at issue here, are set forth in a Client Manual that is "amended from time to time." (*Id.*). The defendant submitted a copy of the Client Manual that took effect on November 18, 2021—more than 25 years after Oleynikov opened his account. (*Id.*; Doc. 17-4). However, it is unclear to the Court whether the arbitration provision in the 1996 version of the Client Manual is identical to the one contained in the November 2021 version. If it is not, it is unclear how, if at all, Oleynikov was notified that the arbitration provision had changed. Without knowing whether Oleynikov agreed to the provision the defendant seeks to enforce, this Court cannot compel arbitration.

Accordingly, IT IS HEREBY ORDERED THAT the parties are directed to appear for a telephone conference on **January 3, 2024, at 9:30 a.m**. At the conference, Oleynikov should be prepared to explain why he

has not filed a responsive brief and inform the Court whether he opposes the defendant's motion to compel arbitration. Thus, Oleynikov is hereby on notice that if he fails to appear at the telephone conference, his case will be dismissed *sua sponte* for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

If Oleynikov opposes the defendant's motion, the Court will set a schedule to conduct limited discovery regarding arbitrability. Therefore, the parties should be prepared to discuss the time needed to conduct this limited discovery and the documents they anticipate requesting and producing. Specifically, the defendant should be prepared to explain what discovery it will need to show that Oleynikov was informed of and agreed to the arbitration provision contained in the November 2021 Client Manual.

Finally, the Court notes that all proceedings in this case are currently stayed. (Doc. 21). For clarity, this case will remain stayed except to the extent that limited discovery into arbitrability is necessary.

So ordered this 14th day of December 2023.

*s/ Daryl F. Bloom*  
Daryl F. Bloom  
United States Magistrate Judge

5