IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL OLEYNIKOV,            : Civ. No. 3:23-CV-528
                              :
       Plaintiff,             :
                              :
                              : (Judge Mariani)
       v.                     :
                              : (Chief Magistrate Judge Bloom)
CITINBANK, N.A.,              :
                              :
       Defendant.             :

## REPORT AND RECOMMENDATION

## I.  Introduction

This case comes before us on an application filed by the Plaintiff, Michael Oleynikov, requesting this Court to vacate an arbitration award pursuant to 9 U.S.C. § 10(a). (Doc. 27). Oleynikov contends that he was "shamelessly deceived" during the arbitration process, which he describes as a "SET UP." (*Id.* at 2). He asks this court to "either vacate or correct" the award. (*Id.* at 4).

Defendant Citibank N.A. ("Citibank") opposed the motion to vacate, arguing that this Court does not have jurisdiction over the motion to vacate and that the application was filed past the statute of limitations. (Doc. 31 at 4-5). Citibank alternatively argues that Oleynikov has not met the high burden to vacate the arbitration award,

and instead, the arbitration award must be confirmed pursuant to 9 U.S.C. § 9. (Doc. 31 at 5-7).

After consideration, we conclude we lack jurisdiction over this appeal. Accordingly, we will recommend that the court deny plaintiff's motion to vacate and dismiss the case.

## II. Background

This controversy began in July of 2022 and relates to a fraud perpetrated against Oleynikov by an unknown third-party. (*See* Doc. 6 at 7-12). That fraud resulted in the loss of $55,000.00 from Oleynikov's Citibank account. (*Id.* at 2). Oleynikov alleged that the loss was the result of negligence by Citibank. (*Id.*). On April 10, 2023, Oleynikov initiated a civil action against Citibank in the Monroe County Court of Common Pleas. (*See id.*). Citibank removed the case to this Court pursuant to 28 U.S.C. § 1441(a) on the grounds that Oleynikov's suit alleged a violation of the Electronic Fund Transfer Act, a federal law. (Doc. 1 ¶¶ 6-8). Citibank then moved to compel arbitration, to which Oleynikov later agreed. (Docs. 16, 26).

The parties appeared before the Honorable Renee Cardwell Hughes for arbitration on August 12, 2024. (Doc. 27 at 2). Judge Hughes found

that Citibank was not responsible for Oleynikov's losses and on September 9, 2024, entered a judgment in favor of Citibank. (*Id.*). On October 7, 2024, Oleynikov entered a notice of appeal of the arbitration award. (Doc. 27). That application is now fully briefed and ripe for resolution. (Doc. 29, 31, 32).[1] After consideration, we will recommend the court to deny the motion and dismiss the case.

III. <u>Discussion</u>

A. <u>Motion to Vacate Arbitration Award – Standard of Review</u>

The plaintiff has filed an appeal of an arbitration award, asking this court to vacate that award pursuant to a provision of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. The FAA was passed to offset the "hostility of American courts to the enforcement of arbitration agreements." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111, (2001). The FAA permits the use of arbitration to settle cases and authorizes commercial transactions that contract for arbitration. 9 U.S.C. §§ 1-10. The FAA represents "liberal federal policy favoring arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460

---

[1] While that application was awaiting disposition by this Court, Oleynikov filed a letter to the docket (doc. 33), which we have read and construed as a motion to expedite. The case is now ready to be resolved.

U.S. 1, 24 (1983), and "compels judicial enforcement of a wide range of written arbitration agreements." *Circuit City*, 532 U.S. at 111. "Federal courts primarily invoke the FAA to give effect to contracting parties' expectations for resolving disputes." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

Section 10 of the FAA permits a court to vacate a decision by an arbitrator under four specific grounds.  9 U.S.C. § 10.  These grounds are "exceedingly narrow [,]" and courts will generally affirm the underlying arbitration award "easily[.]"  *Dluhos,* 321 F.3d at 370.  The specific paragraphs of § 10(a) enumerate certain grounds to vacate an arbitration award, but generally, an arbitration award may "be overturned if fraud, deceit, or breach by union of its duty of fair representation is established." *International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 249 v. Western Pennsylvania Motor Carriers Ass'n*, 574 F.2d 783, 786 n. 5 (3d Cir. 1978), *certiorari denied*, 439 U.S. 828.  A court will only have jurisdiction of a motion under 9 U.S.C. § 10 if there is an independent basis for jurisdiction that is apparent from the face of the application.  *Badgerow v. Walters*, 596 U.S. 1, 7 (2022).

B. <u>This Court Does Not Have Jurisdiction to Vacate the Arbitration Award.</u>

The Supreme Court has been clear that a court may exercise "look-through" jurisdiction to determine if a court can compel arbitration under Section 4 of Title 9. *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009). The "look-through" permits a court considering a motion to compel arbitration to consider the underlying dispute, and, if it finds that jurisdiction could be exercised as to that dispute, the court has jurisdiction to compel arbitration. *Id.* In 2022, the Supreme Court granted certiorari in *Badgerow v. Walters*, 596 U.S. 1, 7 (2022), to resolve a split among the circuits regarding the application of "look through" jurisdiction to motions under sections 9, 10 or 11 of Title 9.

The Court first clarified that the provisions which permit a federal court to hear an application under Section 9, 10, or 11 do not themselves create jurisdiction. *Badgerow*, 596 U.S. at 8 (citing *Hall Street Associates, L.L.C., v. Mattel, Inc.*, 442 U.S. 576, 582 (2008); *Vaden*, 556 U.S. at 59). Rather, federal courts may only hear an application under these sections if they have "an independent jurisdictional basis." *Id.*, (citing *Hall Street*, 442 U.S. at 582). In analyzing the language of sections 9, 10 and 11, the Court found that those sections lacked a "save

for" clause. *Id.* at 11.   The "save for" clause in section 4 was the basis for permitting "look through" jurisdiction for claims under that section.  *Id.; Vaden*, 556 U.S. at 59.  Since that language is not in sections 9, 10, and 11, "look through" jurisdiction was unavailable under those provisions. *Id.*  The Court explained that enforcement of an arbitration award is its own separate matter, distinct from the original controversy that required arbitration.  *Id.* at 9.  Therefore, the issue of enforcement must itself be an issue fit for a federal court, and "quarrels about legal settlements— even settlements of federal claims—typically involve only state law, like disagreements about other contracts."  *Id.*

Accordingly, the *Badgerow* Court identified only one way to demonstrate jurisdiction under these sections—to find a basis for federal jurisdiction on the "face of the application itself."  *Id.* at 9.  Where that document shows that there is diversity jurisdiction, or a federal law is at issue, then a court has jurisdiction and must consider the application. *Id.* Absent that showing, the court does not have jurisdiction and may not consider the application.

Here, the face of the application itself does not reveal any basis for this court to exercise jurisdiction.  (Doc. 27).  Oleynikov appears to allege

various grounds for appeal under 9 U.S.C. § 10(a), but no other basis for disturbing the arbitration award. As the *Badgerow* Court explained, the arbitration award is essentially the resolution of a contract dispute, and it is at home in state court unless other facts make it fit for this forum. There are no such facts here. Therefore, we recommend that the court deny the appeal of the arbitration award and dismiss the case.

## IV.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's motion to vacate the arbitration award (doc. 27) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 18th day of February 2025.

_s/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge