THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL OLEYNIKOV,

    Plaintiff,  : 3:23-CV-528
v.         : (JUDGE MARIANI)

CITIBANK, N.A.

    Defendant.

## MEMORANDUM OPINION

Presently before the Court is a Report & Recommendation ("R&R") by Magistrate Judge Bloom. (Doc. 34). In the R&R, Judge Bloom recommends that this Court deny Plaintiff's motion to vacate/modify due to lack of subject matter jurisdiction. No party has filed an objection to the R&R. The Court will adopt Judge Bloom's R&R as modified and will remand this matter to the Monroe County Court of Common Pleas because it lacks subject matter jurisdiction to consider Plaintiff Michael Oleynikov's motion to vacate or modify the arbitration award.

Plaintiff has also filed a motion to expedite, (Doc. 33), which will be dismissed as moot. Moreover, Plaintiff has filed two motions for recusal before Magistrate Judge Bloom. (Docs. 37, 38). Because this Court is dismissing this action for lack of subject matter jurisdiction, the pending recusal motions directed at Judge Bloom are moot and will be dismissed. *See Coulter v. Coulter*, 715 Fed. App'x 158, 161 (3d Cir. 2017) ("In any event, the recusal request was moot after the District Court concluded that it had no jurisdiction to

hear the case, and the District Court need not have taken any further action on Coulter's request at that time.").

## I.    PROCEDURAL HISTORY & FACTUAL BACKGROUND

On March 27, 2023, Defendant Citibank, N.A. ("Citibank") removed this action to this Court from the Monroe County Court of Common Pleas. (Doc. 1). Plaintiff, appearing *pro se*, thereafter filed an Amended Complaint. (Doc. 6). After participating in an unsuccessful mediation, (Doc. 14), Citibank filed a Motion to Compel Arbitration and Stay the Proceedings. (Doc. 16). On January 3, 2024, Magistrate Judge Bloom denied the motion to compel as moot, (Doc. 26), and directed the parties to participate in arbitration because both Plaintiff and Citibank agreed to arbitrate during a telephonic conference call. (*Id.*).

The arbitration took place on August 12, 2024, before the Honorable Renee Cardwell Hughes. (Doc. 31-8). The final award is dated September 9, 2024. (*Id.*). Plaintiff timely moved to appeal the arbitration award on October 7, 2024. (Doc. 27). On December 18, 2024, Plaintiff also filed a motion to vacate or modify pursuant to 9 U.S.C. § 10(a) (vacating arbitration awards) and 9 U.S.C. § 11 (modifying or correcting arbitration awards). (Doc. 29). Citibank opposed Plaintiff's motion, and cross-moved to confirm the arbitration award.[1] (Doc. 31). It is undisputed that Mr. Oleynikov is a victim of a crime and that he lost

---

[1] However, Citibank never filed a formal motion to confirm, which is required under the Federal Arbitration Act. *See PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 312 (3d Cir. 2021) ("We have held that applications to *confirm* an arbitration award under FAA Section 9 are to be made as motions. . . . Likewise, we hold here that applications to vacate an arbitration award under FAA Section 10 are also to be made as motions."). In any event, the Court lacks subject matter jurisdiction to consider Citibank's request to confirm the arbitration award. *See Badgerow v. Walters*, 596 U.S. 1 (2022)

significant funds due to a hacking/scam incident perpetrated by third parties. And, as noted, neither Citibank nor Mr. Oleynikov filed any objections to the R&R.

## II.    STANDARD OF REVIEW

In order to accept a report and recommendation to which no timely objections have been filed, the court should "satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) ("Where parties have not filed objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. As a matter of good practice, however, the Third Circuit expects courts to 'afford some level of review to dispositive legal issues raised by the report.'" (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)). The district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

## III.    ANALYSIS

### A.    Judge Bloom Report & Recommendation Was Not Clearly Erroneous

Because Mr. Oleynikov did not file any objections to the R&R, this Court review is limited. The Court has reviewed the R&R and all relevant filings and agrees with Magistrate Judge Bloom that this Court lacks subject matter jurisdiction to address Plaintiff's motion to vacate or modify the arbitration award. *See Badgerow v. Walters*, 596 U.S. 1 (2022)

(holding that a federal court, in determining whether it has jurisdiction to decide an application to confirm, vacate, or modify an arbitral award, looks only to the application to the court, and it does not look through the application to the underlying substantive controversy between the parties); *see also Goldman v. Citigroup Global Markets, Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (Federal Arbitration Act "does not itself provide a federal cause of action for vacatur of an arbitration award.") (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n.32 (1983)).

In this matter, neither federal question jurisdiction nor diversity jurisdiction appears on the face of Plaintiff's application/motion. Accordingly, this Court lacks subject matter jurisdiction to vacate or modify the arbitration award. *See Goldman*, 834 F.3d at 255 (applying well-pleaded complaint rule to § 10 motions to vacate); *see also Badgerow*, 598 U.S. 1. Magistrate Judge Bloom's finding that this Court lacks subject matter jurisdiction was not clearly erroneous and, in fact, was correct. *See Badgerow*, 596 U.S. 1. Moreover, adopting the R&R and dismissing for lack of subject matter jurisdiction will not result in any manifest injustice because, as discussed below, this matter will be remanded to the Monroe County Court of Common Pleas to address Mr. Oleynikov's pending motion(s).

**B.      This Case Shall Be Remanded to State Court**

As discussed, the Court agrees with Magistrate Judge Bloom, and it must dismiss Plaintiff's motion to vacate/modify for lack of subject matter jurisdiction. However, this is not the end of the story for the parties. Because this Court has determined that it lacks subject

matter jurisdiction, it must remand this matter to the Monroe County Court of Common Pleas to address Plaintiff's motion to vacate or modify.[2]  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997) ("Upon a determination that a federal court lacks subject-matter jurisdiction over a particular action, the plain language of 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was removed."); *Achach v. Travelers Indem. Co.*, 2022 WL 987885, at *1 (M.D. Pa. Mar. 31, 2022) ("In any case removed from a state court to a federal court, the district court is obligated to remand a case *sua sponte* for lack of subject matter jurisdiction."); *The Knit With v. Aurora Yarns*, 2010 WL 844739, at *3 (E.D. Pa. Mar. 11, 2010) ("Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction.").

Because this Court lacks subject matter jurisdiction, this matter belongs in state court, where Mr. Oleynikov initially filed this action.  *See* 9 U.S.C. §§ 10, 11; *see also* 42 Pa. C.S.A § 7321.24 (vacating arbitration awards); 42 Pa. C.S.A § 7321.25 (modification or correction of arbitration awards).  The Court to which this matter will be remanded may

---

[2]    Plaintiff initially filed this action in the Monroe County Court of Common Pleas as Case No. 1291cv2023. Citibank removed the action to this Court under federal question jurisdiction, 28 U.S.C. § 1331, alleging that this Court has federal question jurisdiction by construing *pro se* Plaintiff's complaint as seeking relief under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* (Doc. 1). There are no facts before the Court to suggest the parties are diverse or that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Nor does this Court have federal question jurisdiction to consider Plaintiff's motions to vacate or modify under 9 U.S.C. §§ 10-11. *See Badgerow*, 598 U.S. 1.

consider the claims alleged in Plaintiff's Amended Complaint, (Doc. 6), as this Court lacks subject matter jurisdiction to consider those state law claims and it is unclear to this Court that the claims Plaintiff asserted were encompassed within the entire arbitration proceeding.[3] The arbitration record before this Court is seriously underdeveloped and would benefit from supplementation. Because there will be further proceedings in the Monroe County Court of Common Pleas, the Court strongly encourages Mr. Oleynikov to take all steps necessary to obtain counsel to represent him in this matter.

Further, it is unclear to the Court whether Plaintiff's motion to vacate/modify was timely served. 9 U.S.C. § 12. Citibank claims it was not. (Doc. 31 at 4-5). And neither this Court nor Magistrate Judge Bloom has addressed this issue. Although Plaintiff's initial appeal, (Doc. 27), was unquestionably timely served[4], it is unclear if the subsequent motion, (Doc. 29), was timely served. The Court on remand should consider these issues, including whether equitable tolling or the discovery rule applies, given Mr. Oleynikov's *pro se* status, his status as a crime victim, the fact that English is not his first language, his advanced age,

---

[3]    Although this case is being remanded, the Court notes there is a Pennsylvania statue governing transfers to state court where, as here, the federal court lacks subject matter jurisdiction. *See* 42 Pa. C.S.A. § 5103(b) (plaintiff may transfer action from federal to state Court where federal court lacks jurisdiction by complying with these provisions); *see also Robus v. Yoon*, 837 Fed. App'x 132, 134 (3d Cir. 2020) (noting that plaintiff "may be able to transfer the action to state court under 42 Pa. C.S.A. § 5103(b)").

[4]    Plaintiff served Citibank electronically by filing on CM/ECF. *See* Fed. R. Civ. P. 5(b)(2)(E) (party is served by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing--in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served").

and his documented medical conditions. *See Shellito v. Travelers Co., Inc.*, 567 F. Supp. 3d 538, 542 n.1 (E.D. Pa. 2021) (recognizing that "[s]ome courts have applied equitable tolling to extend the deadline prescribed in Section 12."); *see also Int'l ProcessPlants & Equip. Corp. v. Metro Indus. Wrecking & Env't Contractors, Inc.* 307 A.3d 656, 658 n.4 (Pa. Super. 2023) ("We recognize that the Revised Statutory Arbitration Act contains more flexible time limitations for filing a motion to vacate an arbitration award than common law arbitration.") (citing 42 Pa. C.S.A. § 7321.24(b) (codifying a discovery rule tolling the time to file a motion to vacate an arbitration award)). Again, this is not the end of this matter, and the Court strongly encourages Mr. Oleynikov to obtain counsel upon remand to the Monroe County Court of Common Pleas so he can fully present his position.

### C.     Additional Resources for Crime Victims

Finally, because it is undisputed that Mr. Oleynikov has been the victim of a crime and lost significant funds because of the hacking/scam perpetrated by third parties, the Court will direct Mr. Oleynikov to governmental websites where he may access resources from crime victims and seek potential compensation. Plaintiff may obtain resources and may seek compensation from Pennsylvania's Office of Victim Services. *See* Pennsylvania Office of Victim Services, https://www.pa.gov/services/pcv/apply-for-victims-compensation (last visited July 30, 2025). Moreover, Plaintiff may seek assistance through the Federal Bureau of Investigation Victim Services Program, the Department of Justice's Office of Justice Programs, or the Department of Justice's Office for Victims of Crime. *See* Federal

Bureau of Investigation, Victim Services, https://www.fbi.gov/how-we-can-help-you/victim-services (last visited July 30, 2025); United States Department of Justice, Office of Justice Programs, Identity Theft, https://www.ojp.gov/programs/identifytheft (last visited July 30, 2025); United States Department of Justice, Office for Victims of Crime, https://ovc.ojp.gov (last visited July 30, 2025); United States Department of Justice, Find Help and Information for Crime Victims, https://www.justice.gov/action-center/find-help-and-information-crime-victims (last visited July 30, 2025).

Mr. Oleynikov may also wish to report this hacking/scam incident to the Federal Bureau of Investigation, The Federal Trade Commission, or the Pennsylvania Office of Attorney General.[5] *See* Federal Trade Commission, Consumer Advice, What to Do if You Were Scammed, https://consumer.ftc.gov/articles/what-to-do-if-you-were-scammed (last visited July 30, 2025); Federal Trade Commission, Report Fraud, https://reportfraud.ftc.gov (last visited July 30, 2025).

## IV.    CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Blooms R&R as modified and dismiss Plaintiff's motion to vacate or modify for lack of subject matter

---

[5] The Court is aware, as Mr. Oleynikov has pointed out, (Doc. 28 at 11-14), that the New York State Attorney General has sued Citibank "for failing to protect and reimburse victims of electronic fraud." New York State Attorney General, Attorney General James Sues Citibank for Failing to Protect and Reimburse Victims of Electronic Fraud, https://ag.ny.gov/press-release/2024/attorney-general-james-sues-citibank-failing-protection-and-reimburse-victims (last visited July 30, 2025). The Court is unaware if the Pennsylvania's Office of Attorney General has taken similar actions.

jurisdiction. The Court will dismiss the pending motions to expedite, (Doc. 33), and to recuse, (Docs. 37, 38), as moot. This case will be remanded to the Monroe County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c). A separate Order follows.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge